### UNITED STATES v. DURAND.

(Circuit Court of Appeals, Second Circuit. February 28, 1905.)

#### No. 39.

1. CUSTOMS DUTIES—CLASSIFICATION—BLOWN GLASSWARE—GLASS BLANKS.

    *Held*, that crude, incomplete articles of glass, known as "blanks," produced by blowing glass into a mold, which are suitable only to be placed in the hands of glass cutters for further manufacture into finished articles, are not within the provision for "blown glassware" in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], but are dutiable under the provision for "all glass or manufactures of glass," in paragraph 112 of said act, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635].

2. SAME—COMMERCIAL DESIGNATION.

    The term "glassware" in the provision for "blown glassware" in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], is not a term of general commercial designation.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal from the decision of the Circuit Court of the United States for the Southern District of New York (127 Fed. 624), affirming a decision of the Board of United States General Appraisers, which sustained the protest of appellee and reversed the decision of the collector assessing the merchandise in question, known as "blown glass blanks," as "blown glassware" under paragraph 100 of the tariff act of July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633]. That paragraph is as follows:

"100. Glass bottles, decanters, or other vessels or articles of glass, cut, engraved, painted, colored, stained, silvered, gilded, etched, frosted, printed in any manner or otherwise ornamented, decorated or ground (except such grinding as is necessary for fitting stoppers), and any articles of which such glass is the component material of chief value, and porcelain, opal and other blown glassware; all the foregoing, filled or unfilled, and whether their contents be dutiable or free, sixty per centum ad valorem."

The importer protested, insisting that the merchandise should have been assessed under paragraph 112 of the same act, which reads as follows:

"112. Stained or painted glass windows, or parts thereof, and all mirrors, not exceeding in size one hundred and forty four square inches, with or without frames or cases, and all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for in this act, forty-five per centum ad valorem."

30 Stat. 158 [U. S. Comp. St. 1901. p. 1635].

D. Frank Lloyd, Asst. U. S. Atty.

Albert Comstock, for appellee.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, Circuit Judge. The imported merchandise consists of blown glass blanks produced by blowing glass into a mold and breaking off the surplus portion. In the condition in which they reach this country these blanks are crude, thick and incomplete, suitable only to be placed in the hands of glass cutters to be fashioned by them into cut glass bowls, dishes or similar useful or ornamental articles. It may be mentioned in limine that even a cursory reading of the language employed in paragraph 100 would seem to indicate that it is most inappropriate to describe the rough, unfinished articles in question. It deals with cut glass bottles, cut glass decanters and other articles of glass cut, engraved, painted, etc., or otherwise ornamented, decorated or ground "and porcelain, opal and other blown glassware." It is quite improbable that Congress intended to include among these finished products, which are enhanced in value from 20 to 500 per cent. by being cut, the crude material from which they are made. In other words, Congress did not intend to assess at the same high rate of sixty per centum ad valorem cut glass bowls and the rough blanks from which they are cut.

If this were a question of first impression, paragraph 112 seems to contain a more accurate description in the words "all glass or manufactures of glass." The question, however, is not new in the courts of this circuit. In U. S. v. Fensterer (C. C.) 84 Fed. 148, the court, in speaking of blanks precisely similar uses the following language, which appears to us to be a concise and definite statement and definition of the articles in question:

"They were of glass, and had been manufactured to some extent, and were, therefore, manufactures of glass. They were not completed for their intended use, and would be sought for by manufacturers of, and not dealers in, glassware; and they seem to be materials for glassware, rather than glassware itself."

There is no difference between the facts involved in that case and in the case at bar except that an effort has since been made to prove a general trade meaning for the term "glassware" which includes these blanks. Bearing in mind that such designations must be definite, general and uniform, we are constrained to say that the effort to prove such a meaning has not been successful. The witnesses do not agree; they contradict each other; their definitions of glassware are both broad and narrow, specific and general, some including and others excluding the blanks in question. We think it is impossible to extract an intelligible, uniform definition of the term "glassware" from this mass of testimony.

Decision affirmed.